IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| GREGORY ADDINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>SENIOR VICE PRESIDENT – HUMAN RESOURCES, CONSOL ENERGY, INCORPORATED, as Plan Administrator of the Consol Energy, Inc. Flexible Benefits Program Long Term Disability Plan;<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON; and<br><br>AMANDA PIPENBACHER, also known as Amanda Quinto,<br><br>    Defendants. | Civil Action No.<br><br>JURY DEMAND ON SPECIFIED ISSUES |

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS, FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA, AND FOR OTHER RELATED CAUSES OF ACTION**

    COMES NOW, Plaintiff, Gregory Addington, and makes the following representations to the Court for the purpose of obtaining relief from Defendants' refusal to pay long term disability (LTD) benefits due under an ERISA employee benefit plans, and for Defendants' other violations of the Employee Retirement Security Act of 1974 ("ERISA"). In addition to Plaintiff's ERISA causes of action, Plaintiff sues Defendants for causes of action related to Defendants' intentional violation of his privacy rights and their inducement of his physician to breach his fiduciary relationship:

1

## JURISDICTION AND VENUE

1.  This Court's original jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" "employee welfare benefits plan[s]" as defined by ERISA, 29 U.S.C. § 1001 *et seq*. and the subject Benefit Plan constitutes "plan[s] under ERISA."

2.  The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

3.  Plaintiff's claims related to Defendants' intentional violation of his privacy rights and inducement to breach fiduciary relationship arise under the laws of the State of Kentucky and/or Pennsylvania; however, the Court has supplemental jurisdiction over these state law claims pursuant to 28 U.S.C. § 1367, in that the claim is so related to the ERISA claim for benefits that the Plaintiff's denial of disability benefits is part of the same case or controversy, sufficient that the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.  Venue is proper within the Western District of Pennsylvania pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

5.  Plaintiff, Gregory Addington, (hereinafter "Plaintiff"), is currently and was at all relevant times, a resident of Letcher County, Kentucky.

6.  Defendant Senior Vice President – Human Resources, Consol Energy, Incorporated (hereinafter the "Plan Administrator") is the designated Plan Administrator for the Consol Energy Inc. Flexible Benefits Program Long Term Disability Plan (the "LTD Plan"),

which is an employee benefit plan provided by Consol Energy, Incorporated ("Consol") to its employees.  The Plan Administrator may be served with process at Consol Plaza 1800 Washington Road, Pittsburgh, PA 15241-1405.

7. Defendant Liberty Life Assurance Company of Boston (hereinafter "Liberty"), was contracted by Consol to act as "Claims Administrator" for the LTD Plan.  Liberty is an insurance company authorized to transact the business of insurance in this state, and may be served with process at Corporation Service Company, 2595 Interstate Drive, Suite 103, Harrisburg, PA 17110.

8. Defendant Liberty was the party who determined eligibility for Plaintiff's benefit claim under the LTD Plan.

9. Ms. Amanda Pipenbacher, also known as Amanda Quinto, is an employee of Defendant Liberty and was the claims handler who made the initial determination to terminate Plaintiff's benefits under the LTD Plan as well as the individual who instructed a medical file reviewer to contact Plaintiff's physicians without his authorization.

10. Ms. Pipenbacher is individually liable for her violation of Plaintiff's privacy rights and/or her inducing Plaintiff's doctor to breach his fiduciary and/or confidential relationship.

11. Ms. Pipenbacher may be served at her residence in Middletown, Connecticut.

## FACTS

12. Plaintiff was employed by Consol, as an Underground Section Foreman.

13. By virtue of his employment, Plaintiff was enrolled in the LTD Plan.

14. Plaintiff is a participant or beneficiary of the LTD Plan.

15. Plaintiff ceased work due to a disability on January 30, 2012, while covered under the LTD Plan.

16. Plaintiff has been and continues to be disabled as defined by the provisions of the LTD Plan and relevant policies.

17. Plaintiff filed a timely application for LTD benefits under the LTD Plan.

18. Plaintiff's claim was initially approved by Liberty and benefits were paid starting August 3, 2012.

19. Based on information and belief, Plaintiff's benefits were terminated at some point after the initial approval, but were reinstated by Liberty in a letter dated July 3, 2014, retroactive to the date of termination.

20. LTD Plan benefits continued to be paid until January 20, 2016, when Liberty again terminated them.

21. Plaintiff submitted his appeal on July 15, 2016.

22. Liberty subsequently reversed its decision and reinstated benefits in a letter dated August 5, 2016, paying all retroactively due benefits to that date.

23. In its August 5, 2016 letter, Liberty stated that the claim had been returned to Amanda Pipenbacher "for continued handling." (Letter attached as Exhibit A).

24. Just thirty-three (33) days later, in a letter dated September 7, 2016, Liberty once again terminated Plaintiff's benefits. (Denial attached as Exhibit B).

25. During the brief interval between its August 5, 2016 approval and the September 7, 2016 denial, Liberty did not ask Plaintiff to provide any additional information.

26. During this 33 day interval, Plaintiff was not made aware that his claim was again under review.

27. During this 33 day interval, Plaintiff was not provided an opportunity to obtain and submit additional evidence supporting his disability.

28. During this 33 day interval, Liberty wholly failed to request additional medical records from Plaintiff's treating providers.

29. Liberty based its decision primarily on evidence that was available before the August 5, 2016 approval.

30. Plaintiff submitted his appeal on December 1, 2016.

31. By letter dated January 17, 2017, Liberty denied that appeal, and stated that its decision was final.

32. Plaintiff has exhausted his administrative remedies under the LTD Plan

33. Further, the denial of Plaintiff's claim 33 days after finding him disabled and entitled to benefits and returning it to Ms. Pipenbacher for "continued handling," is a procedural irregularity entitling Plaintiff to *de novo* review.

34. Upon information and belief, Ms. Pipenbacher's actions in immediately ordering a medical file review after her previous denial was overturned and the file was returned to her for "continued handling" were contrary to Liberty's own guidelines.

**FIRST CAUSE OF ACTION**
**FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. §§ 1132(a)(1)(B)**

PLAINTIFF incorporates the allegations contained in the above paragraphs as if fully stated herein and says further that:

35. Under the terms of the LTD Plan and policy, Defendant agreed to provide Plaintiff with LTD benefits in the event that Plaintiff became disabled as defined by the LTD Plan.

36. Plaintiff is disabled and entitled to benefits under the terms of the LTD Plan.

5

37. Defendant failed to provide benefits due under the terms of the LTD Plan, and these denials of benefits to Plaintiff constitute breaches of the LTD Plan.

38. The decisions to deny benefits were wrong under the terms of the LTD Plan.

39. The decisions to deny benefits and decision-making processes were arbitrary and capricious.

40. The decisions to deny benefits were not supported by substantial evidence in the record.

41. As a direct and proximate result of the aforementioned conduct of the Defendants in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which she would have been entitled to under the LTD Plan.

42. As a direct and proximate result of the aforementioned conduct of the Defendants in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the LTD Plan, plus interest and other damages, for a total amount to be determined.

## SECOND CAUSE OF ACTION
## FOR INDUCEMENT TO BREACH CONTRACT OF CONFIDENTIALITY

PLAINTIFF incorporates the allegations contained in the above paragraphs as if fully stated herein and says further that:

43. In a letter dated June 2, 2016 and sent via certified mail and facsimile, Plaintiff, through his attorney, revoked all releases previously given Liberty to the extent that they allowed verbal communication with third parties about his claim.

44. Amanda Pipenbacher was the Case Manager handling Plaintiff's claim and coordinated Dr. Patel's services in reviewing the claim.

45. On June 3, 2016, Ms. Pipenbacher wrote to Plaintiff acknowledging receipt of the June 2, 2016 letter.

46. Despite authorization to talk directly with Plaintiff's physicians having been specifically revoked, Ms. Pipenbacher instructed Dr. Neil Patel to contact Plaintiff's treating providers, and during that conversation, to discuss Plaintiff's functional abilities, and to document information obtained from the call.

47. In providing Dr. Patel with records, Ms. Pipenbacher forwarded to Dr. Patel, without qualification or modification, an Authorization to Obtain and Release Information dated November 3, 2014, despite the June 2, 2016 letter notifying her that this authorization was revoked to the degree it allowed communication with Plaintiff's providers orally.

48. On August 22, 2016, Dr. Neil Patel, at Liberty and Pipenbacher's instruction, contacted Plaintiff's treating physician Dr. Van Breeding via telephone.

49. In contacting Dr. Van Breeding, Dr. Patel acted as Liberty and Pipenbacher's agent.

50. The physician patient relationship between Dr. Breeding and Plaintiff created an implied covenant of confidentiality.

51. Dr. Patel's call to Dr. Breeding and discussion of Plaintiff's medical condition was an inducement to breach the contract of confidentiality.

52. By calling Dr. Breeding directly, without a release and without permission of the Plaintiff, Dr. Patel wrongfully violated Plaintiff's privacy and induced his physician to violate the confidentiality of the doctor-patient relationship by fraudulently and deceitfully implying or stating that he had authority to contact the Plaintiff's treating physician directly by telephone or in any manner other than in writing.

53. By instructing Dr. Patel to contact the Plaintiff's physician without authorization, and failing to notify him that the authorization she provided had been partially revoked, Ms. Pipenbacher's and Liberty's actions were intentional, willful, and malicious.

54. Ms. Pipenbacher intended to induce Plaintiff's treating physician to breach his fiduciary relationship and violate his duty of confidentiality or reasonably anticipated that her actions would induce that physician to do so.

55. Ms. Pipenbacher did not reasonably believe that Dr. Breeding was authorized to speak telephonically with Dr. Piper without violating his fiduciary agreement and breaching his duty of confidentiality.

56. Dr. Breeding wrongfully breached his fiduciary relationship and his duty of confidentiality due to Ms. Pipenbacher and Liberty's wrongful actions.

57. Dr. Breeding testified under oath that he would not have spoken with Dr. Patel if he had been made aware that Plaintiff had revoked his authorization for such communication.

58. The Plaintiff was damaged by Defendants' wrongful actions because the full extent of his doctor's supportive opinion was not included in the ERISA administrative record prior to his initial denial, just Dr. Patel's summary, which, upon information and belief, was selective and did not include the full extent of Dr. Breeding's support.

59. Had Dr. Breeding's full opinion been included in the record at that time, Dr. Patel's summary rejection of Dr. Breeding's opinion, without explanation, would have been even more jarring than it is in its current form.

60. Had Dr. Breeding's full opinion been included in the record at that time, Liberty's decision to deny Plaintiff's claim in reliance on Dr. Patel's opinion would have been demonstrably more arbitrary and capricious than it was based on the current record.

**PRAYER FOR RELIEF**

WHEREFORE. Plaintiff requests that this Court grant her the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against the Defendant;

2. Damages in the amount equal to the disability income benefits to which she was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and postjudgment interest;

4. An Order requiring the LTD Plan or appropriate LTD Plan fiduciaries to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the LTD Plan, as well as any other collateral benefits to which she might be entitled on the basis of being disabled under the LTD Plan, in the future so long as Plaintiff remains disabled under the terms of the LTD Plan;

5. Plaintiff's reasonable attorney fees and costs; and

6. Such other relief as this court deems just and proper.

**On Plaintiff's Second Cause of Action:**

7. A jury be empaneled to hear this cause of action and decide all issues related to it;

8. An Order requiring Defendants Liberty, and Ms. Pipenbacher to pay actual and punitive damages in an amount to be determined;

9. Plaintiff's reasonable attorney fees and costs;

10. Such other relief as this court deems just and proper.

Dated this 7th day of April, 2017.

          Respectfully submitted,

          ERIC BUCHANAN & ASSOCIATES, PLLC
          ATTORNEYS FOR PLAINTIFF

          BY:   /s/ Hudson T. Ellis
                  Hudson T. Ellis (Tenn. Bar #28330)
                  414 McCallie Avenue
                  Chattanooga  TN  37402
                  (423) 634-2506
                  FAX:  (423) 634-2505

          *Motion for Admission Pro Hac Vice to be filed*